**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DAVONNE SYDNOR,** | * | |
| **Petitioner,** | * | |
| v. | * | **Civ. No. DLB-23-2521** |
| **RONALD SHANE WEBER,** | * | |
| **Respondent.** | * | |

**MEMORANDUM OPINION**

Davonne Sydnor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The respondent filed an answer asserting that the petition must be dismissed as untimely. ECF 9. The Court advised Sydnor of the applicable limitations period and the exceptions that would allow this Court to review a claim raised in a petition filed outside of the limitations period, ECF 11. Sydnor filed a response to the answer, ECF 12, and a "motion for relief," in which he asked the Court to grant him habeas relief, ECF 13. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed as untimely, and Sydnor's motion for appropriate relief is denied.

I.     **Background**

On April 13, 2009, Sydnor accompanied Jermaine McCory, who was 15 years old at the time, to meet Russell Day at an agreed-upon location where Day attempted to purchase heroin from McCory. ECF 9-1, at 151; ECF 9-3, at 11. During the attempted purchase, Day was robbed and fatally shot. ECF 9-1, at 151. On May 7, 2009, Sydnor was indicted in the Circuit Court for Baltimore City on charges of first-degree murder, second-degree murder, use of a handgun in a

crime of violence, unlawfully wearing/carrying a handgun on his person in case number 109127079; armed robbery, first-degree assault, second-degree assault, use of a handgun in a crime of violence, and unlawfully wearing/carrying a handgun on his person in case number 109127080; and conspiracy to commit armed robbery in case number 109127081. *Id.* at 4–5; 24–25; 44–45.

McCory also was charged with murder, robbery with a deadly weapon, and theft. ECF 9-1, at 153. He agreed to plead guilty to robbery with a deadly weapon and use of a handgun. *Id.* As part of his plea agreement, McCory also agreed to cooperate in the state's prosecution of Sydnor and Sydnor's co-defendant. *Id.* Pursuant to the agreement, McCory would testify in both trials and then receive a sentence of 18 months in the Department of Juvenile Services. *Id.* If he had not cooperated, he faced a possible sentence of 20 years in the Department of Corrections. *Id.* McCory testified at Sydnor's trial. He admitted on cross-examination that he had not yet been sentenced. *Id.*; *see also* ECF 9-6, at 35–36. Defense counsel argued to the trial judge that McCory had testified that he was on juvenile probation at the time of the crime, and counsel sought disclosure of McCory's juvenile records showing he was on juvenile probation. ECF 9-6, at 3–4 (trial transcript); ECF 9-12, at 11–12, 13–14 (post-conviction transcript). The state countered that McCory testified that there was a warrant out for his arrest when he committed the crime, not that he was on probation then. ECF 9-6, at 4. After some discussion, the trial court denied the motion for disclosure of McCory's juvenile records. *Id.* at 4–8.

After a seven-day trial, the jury returned a guilty verdict on June 17, 2010. On November 30, 2010, Sydnor was sentenced to serve a life sentence and a consecutive term of 20 years. ECF 9-1, at 4, 24–25, 44, 148. He timely noted a direct appeal to the Appellate Court of Maryland, which affirmed his conviction on February 15, 2013. *Id.* at 147–84. The mandate issued on March 18, 2013. *Id.* at 185. Sydnor, representing himself, sought certiorari review with the Supreme Court

of Maryland. *Id*. at 187–206. The court denied certiorari review on June 24, 2013, *id*. at 207, and Sydnor did not seek any further appellate review of his conviction.

Sydnor filed his first post-conviction petition on April 8, 2014 and then filed a motion to withdraw it without prejudice to refiling, which the court granted on January 6, 2015. *Id.* at 12, 14–15, 32, 34–35, 51, 53. Sydnor did not file another post-conviction petition until October 19, 2020. *Id*. at 15, 35, 54.

On November 5, 2021, the Circuit Court for Baltimore City held a post-conviction hearing on Sydnor's second post-conviction petition. *Id.* at 18, 38, 57, 209. On March 30, 2022, the court granted the petition in part and denied it in part. *Id*. at 208–27. The court found that trial counsel was ineffective for failing to file a Rule 4-345(e) motion for modification of sentence and granted Sydnor the right to file a belated motion. *Id*. at 225–26. The post-conviction court rejected Sydnor's claim that appellate counsel was ineffective for not raising on appeal the trial court's refusal to allow the introduction of McCory's juvenile record and Sydnor had failed to rebut the presumption of an intelligent and knowing waiver of the alleged error. *Id*. at 218–19.

On September 6, 2023, Sydnor filed this habeas petition pursuant to 28 U.S.C. § 2254.

## II.     Standard of Review

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed. The limitations period also may be subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

**III.    Analysis**

In this case, the one-year limitations period runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date"). The Maryland Supreme Court denied Sydnor's petition for writ of certiorari on June 24, 2013. Sydnor had 90 days to petition the U.S. Supreme Court for certiorari review. ECF 9. Thus, the limitations period began 90 days after the Maryland Supreme Court's denial of the writ of certiorari. *Id.* Because 90 days after June 24, 2013 was September 22, 2013, which was a Sunday, the limitations period began to run on Monday, September 23, 2013. If no event tolled the one-year limitations period, it would have expired on September 23, 2014.

Sydnor does not dispute those calculations. Instead, Sydnor contends that his petition is not time-barred because he was "continually in the state courts pursuing his direct appeal and post-conviction for relief." ECF 12, at 4. He further states that he had to withdraw his post-conviction petition "several times," but each time he did so, it was "withdrawn without prejudice to refiling as allowed in *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002)." *Id*. at 4–5.

When a state post-conviction petition is properly filed within the one-year federal limitations period, the limitations period is tolled, or stops running, while that petition remains pending.[1] 28 U.S.C. § 2244(d)(2). Here, the limitations period began on September 23, 2013. Sydnor filed a state post-conviction petition 169 days later, on April 8, 2014, which remained

---

[1] *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (application for state post-conviction relief that failed to satisfy time constraints for seeking relief is not "properly filed"); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (state time limits are filing requirements and untimely state applications are not properly filed).

pending for 273 days, until January 6, 2015, when the state court signed the order dismissing the petition without prejudice. With the state post-conviction proceedings over, the limitations period began to run again on January 6, 2015. Sydnor had 169 days, or until March 12, 2015, to file a federal habeas corpus petition. Sydnor did not file any other post-conviction petitions before limitations period expired on March 12, 2015. Five years later, on October 19, 2020, Sydnor filed a second state post-conviction petition. But that petition and the ensuing appeal to the Maryland Supreme Court did not toll the federal habeas clock because the post-conviction petition was filed more than five years after the limitations period had expired. Sydnor's September 6, 2023 federal habeas petition was filed way too late.

Sydnor claims that he is entitled to equitable tolling because he continually pursued his rights diligently and "whenever he withdrew his post-conviction petition, he withdrew it without prejudice to refiling." ECF 12, at 5. Sydnor did not diligently pursue his rights. For a five-year period, from 2015 until 2020, he did not pursue any post-conviction relief. Sydnor is not entitled to equitable tolling.

The Court may review an untimely petition that is not subject to equitable tolling "only when there has been a 'fundamental miscarriage of justice.'" *United States v. Herrera-Pagoada*, 14 F.4th 311, 319 (4th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence is a basis for review of a petitioner's untimely claims where the petitioner demonstrates that, "in light of all the evidence, it is more likely than not that

no reasonable juror would have convicted him[.]"[2] *Herrera-Pagoada*, 14 F.4th at 319 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "A valid innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial.'" *Hayes v. Carver*, 922 F.3d 212, 216 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The Court must evaluate "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under [evidentiary rules]," but with "due regard to any unreliability[.]" *United States v. MacDonald*, 641 F.3d 596, 612 (4th Cir. 2011) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) and *Schlup*, 513 U.S. at 328)). The Court then makes "a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard." *Carver*, 922 F.3d at 216 (quoting *House*, 547 U.S. at 539). The actual innocence standard "is demanding and permits review only in the extraordinary case." *Id.* at 218 (quoting *House*, 547 U.S. at 538)).

On May 24, 2024, the Court notified Sydnor that actual innocence may, in extraordinary cases, permit review of an untimely petition that is not subject to equitable tolling. ECF 11. In response, Sydnor stated that "he has not asserted a full-fledged claim of actual innocence in his petition because of two reasons: (1) it has not been presented to state courts, and (2) his petition is not time-barred as the respondents claim." ECF 12, at 6. Thus, Sydnor has not shown a fundamental miscarriage of justice would occur if the Court does not review his untimely petition.

---

[2] A "gateway" innocence claim is distinct from a substantive innocence claim. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (discussing *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). In the latter, the petitioner asserts he is entitled to habeas relief based on his innocence alone.

**IV.     Conclusion**

For the reasons discussed herein, Sydnor's habeas petition must be dismissed as untimely. A separate order dismissing the petition and denying Sydnor's motion for appropriate relief follows.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed. A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied solely on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Sydnor has failed to satisfy this standard. Therefore, a certificate of appealability shall not issue.

April 29, 2026
Date

Deborah L. Boardman
United States District Judge